UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| THE LAFAYETTE LIFE INSURANCE CO., MERCY RIDGE, INC., AMERICAN BANK, and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 4:09-CV-64-TLS |
| CITY OF MENASHA, MENASHA UTILITIES, and MENASHA STEAM UTILITY, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff American Bank's Rule 72 Objection to Magistrate Judge's Order Issuing Stay of Wisconsin State Court Proceedings and Request for Expedited Relief [DE 40], filed on March 5, 2010. In the Motion, the Plaintiff asks this Court to reverse or vacate the Magistrate Judge's Opinion and Order [DE 39], which stayed discovery in a Wisconsin State Court Proceeding pursuant to the Private Securities Litigation Reform Act (PSLRA) and the Securities Litigation Uniform Standards Act (SLUSA). Due to the lengthiness of the Plaintiff's Motion, the Court allowed the Defendant ten days to file a response, which it did on March 16 [DE 43]. The Motion is now ripe for ruling

**A. Standard of Review**

When a district court considers an objection to a magistrate order on a nondispositive matter, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The district court reviews the magistrate's factual determinations under the "clear error" standard, *see Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D.

338, 340 (S.D. Iowa 1993), and the legal determinations under the "contrary to law" standard, *see Young v. Conductron Corp.*, 899 F. Supp. 39, 40 (D.N.H. 1995); *Bryant v. Hilst*, 136 F.R.D. 487, 488 (D. Kan. 1991).

"The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chem., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "misapplie[d] relevant statutes, case law, or rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (citing *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Whether the documents that the Plaintiff requested from the City of Menasha constitute "discovery" under the PSLRA and SLUSA is a question of applying law to fact. As such, the Court will review the magistrate judge's order under the "clear error" standard. *Cf. United States. v. Frederick*, 182 F.3d 496, 499 (7th Cir. 1999).

**B.     Magistrate Judge's Ruling Regarding Discovery and the Public Record Request**

In analyzing whether he should stay the Wisconsin public records request, the magistrate judge relied on the interpretation of the relevant SLUSA provision in *City of Austin Police Retirement System v. ITT Educ. Servs., Inc.*, 2005 WL 280345, at *3 (S.D. Ind. 2005). In that case, the court found that "whether [a request for documents] is a 'discovery proceeding' for

2

purposes of SLUSA is a question of federal law, not state law." *Id.* at 6. The *City of Austin* court held that the state securities action seeking to examine corporate ledgers sought the equivalent of discovery in the federal action, reasoning that "Congress chose to use broad language that can be adapted to a variety of state law procedures to accomplish the congressional purpose of preventing evasion of the PSLRA discovery stay. For purposes of federal law, the substance controls." *Id.* at 6.

The magistrate judge found the instant request for documents comparable to the *City of Austin* discovery question, and found that "the substance of the request for public documents made in the State court Mandamus Complaint is identical to the discovery that is automatically stayed in the federal matter until a ruling on a motion to dismiss." (DE 39 at 3)

**C.     Analysis**

Congress passed the PSLRA in 1995 as a "check against abusive litigation by private parties." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). The PSLRA includes "an automatic stay of discovery unless and until the plaintiffs can survive a motion to dismiss under the PSLRA's exacting pleading standards." *City of Austin*, 2005 WL 280345 at *2. Congress passed SLUSA in 1998 to close a loophole in the PSLRA, by which plaintiffs could file parallel actions in state court to obtain discovery for their federal cases. SLUSA was "aimed at plaintiffs who would use state-court actions to circumvent the automatic discovery stay that applies in federal actions upon the filing of a motion to dismiss." *In re Bank America Corp. Sec. Litig.*, 263 F.3d 795, 802 (8th Cir. 2001). The SLUSA "expressly permits a Federal court to stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction,

3

or to protect or effectuate its judgments." *In re Cardinal Health, Inc. Sec. Litig.*, 365 F. Supp. 2d 866, 872 (S.D. Ohio 2005).

The Plaintiff's primary objection to the Order is that "[t]he Magistrate's Order eviscerates a non-discretionary public duty that the City of Menasha has to its citizenry, a duty that exists wholly independently of the present litigation, and is not required or allowed by the PSLRA." (Mot. to Reconsider at 2). In other words, since the Plaintiff would have been able to obtain public records from the Defendant without any litigation, the existence of federal litigation should not prevent it from obtaining the records now.

However, the law rightly relied on by the magistrate judge is not concerned with the legality of obtaining documents absent a federal litigation. Rather, it is narrowly concerned with whether a request for information is the equivalent of discovery for the federal litigation. In this case, the magistrate found that the requested documents, which include the City of Menasha's financial records, business plans, official statements, and contracts, were the equivalent of discovery materials in this federal litigation. As each of those requested documents are relevant to the issues in this case, the Court finds that determination eminently reasonable.

The Court finds the Plaintiff's policy arguments regarding the repercussions of SLUSA's enactment well-taken. However, these protestations seem directed at the statute itself, as opposed to its correct application. The magistrate judge's well-reasoned opinion does not give this Court a "definite and firm conviction that a mistake has been made," and his Order will not be reversed or vacated.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Rule 72 Objection [DE 40] is DENIED.

SO ORDERED on March 17, 2010.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT