THE LAFAYETTE LIFE INSURANCE    )
COMPANY, MERCY RIDGE, INC.,     )
AMERICAN BANK,                  )
                                )
            Plaintiffs          )
                                )
        v.                      )   Case No. 4:09 cv 64
                                )
CITY OF MENASHA, WISCONSIN,     )
MENASHA UTILITIES, MENASHA      )
STEAM UTILITY, RBC CAPITAL      )
MARKETS CORP.,                  )
                                )
            Defendants          )

## OPINION AND ORDER

This matter is before the court on the Motion for Leave to
File a Sur-reply in Opposition to Defendant City of Menasha's
Motion to Dismiss the Amended Complaint [DE 109] filed by the
lead plaintiffs on October 11, 2010.

Local Rule 7.1(a) permits parties to file an initiating
brief, a response, and a reply, but does not contemplate the
filing of a surreply or response to the reply brief.  The court
generally does not permit litigants to file a surreply brief.
Hall v. Forest River, Inc., 2008 WL 1774216, *n.3 (N.D. Ind.
April 15, 2008); Runkle v. United States, 1995 WL 452975, *1
(N.D. Ind. May 9, 1995).  However, "[a] surreply brief is occa-
sionally allowed when it raises or responds to some new issue or
development in the law."  Merril Lynch Life Ins. Co. v. Lincoln

Nat. Life Ins. Co., 2009 WL 3762974, *1 (N.D. Ind. Nov. 9, 2009) (citing Hall, 2008 WL 1774216 at *n.3). The court's decision to permit or deny a surreply brief is reviewed under an abuse of discretion standard. Cleveland v. Porca Co., 38 F.3d 289, 297 (7th Cir. 1994).

In its motion, the plaintiffs do not argue that they need to address new arguments that the defendant raised in its reply brief or to present substantive changes in the law. Rather, the plaintiffs state that they "wish to address certain arguments." On review of the plaintiffs' surreply that was submitted as an exhibit to the plaintiffs' motion, the plaintiffs did not address any matters that could not have been raised in their response brief. The plaintiffs' surreply is another attempt to point to the weaknesses in the defendant's brief, and ignores that it is the court's duty to weigh the arguments, distinguish cases, and apply the law. Because the plaintiffs have not provided any justification for their request to file a surreply, the Motion for Leave to File a Sur-reply in Opposition to Defendant City of Menasha's Motion to Dismiss the Amended Complaint [DE 109] filed by the lead plaintiffs on October 11, 2010, is DENIED.

ENTERED this 3rd day of November, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge

2