**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| THE LAFAYETTE LIFE INSURANCE ) <br> COMPANY, MERCY RIDGE, INC., ) <br> AMERICAN BANK, and all Others ) <br> similarly situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> CITY OF MENASHA, WISCONSIN, a ) <br> municipal Corporation, MENASHA ) <br> UTILITIES, MENASHA STEAM ) <br> UTILITY, and RBC CAPITAL MARKETS ) <br> IN LLC f/k/a RBC DA RAUSCHER, INC. ) <br> ) <br>     Defendants. ) | Cause No.  4:09-CV-64-TLS |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, Plaintiffs, The Lafayette Life Insurance Company, Mercy Ridge, Inc., and American Bank ("Plaintiffs"), on their own behalf and on behalf of each Member of the Settlement Class, as defined herein, and Defendants, City of Menasha, Wisconsin, a municipal corporation ("Menasha"), sued herein as City of Menasha, Menasha Utilities, and Menasha Steam Utility, and RBC Capital Markets, LLC (f/k/a RBC Capital Markets Corp.) ("RBC") (Menasha and RBC referred to collectively as "Defendants"), have submitted to the Court a Settlement Agreement, with Exhibits, dated March 28, 2011 (the "Agreement"), reflecting the terms of a proposed Settlement of this putative class action, and applied to the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order that (i) certifies the Settlement Class, approves the appointment of Ice Miller LLP as Class Counsel, and preliminarily approves the Settlement, as set forth in the Agreement, (ii) approves the retention of the Settlement Escrow Agent, (iii) approves the mailing of notice of the terms and conditions of the Settlement

to Settlement Class Members ("Class Notice"), and publication of summary notice ("Publication Notice"), (iv) sets forth dates by which the Class Notice and Publication Notice shall be mailed and published, respectively, as well as dates by which Settlement Class Members must file claims and/or any objections to, or exercise any right to exclude themselves (opt-out) from the Settlement, and (v) schedules a hearing (the "Fairness Hearing") to finally approve the Settlement as fair, reasonable, and adequate to the Settlement Class, approve the Settlement, and enter an Order and Final Judgment; and

WHEREAS, the Court has given due consideration to the Settlement, the Agreement, the Exhibits to the Agreement, the submissions of the Parties in support of preliminary approval of the Settlement, and the record of proceedings herein, and finds that the Settlement should be preliminarily approved pending notice to Settlement Class Members and the Fairness Hearing. The Plaintiffs' Motion [ECF No. 131] filed on April 25, 2011 is **GRANTED**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Agreement, and any terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2. This Court has jurisdiction of the subject matter of the Action and over all Parties, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for the purpose of effectuating the Settlement, a Settlement Class of all persons or entities who purchased or held 2005 BANs or 2006 BANs during the Class Period. Excluded from the Settlement Class are Defendants and their respective parents, subsidiaries, and affiliates, and

persons or entities who timely excluded themselves from the Settlement Class in accordance with the procedures described in the Agreement and the exhibits thereto.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily finds, for the purpose of effectuating the Settlement, that: (a) Members of the Settlement Class are so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions relating to Settlement Class Members; (c) the claims of Plaintiffs are typical of, and Plaintiffs have no interests that conflict with the interests of, other Members of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all Members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy herein.

5. The Court appoints Plaintiffs The Lafayette Life Insurance Co., Mercy Ridge, Inc. and American Bank as Settlement Class Representatives, and Ice Miller LLP as Class Counsel. The Court **GRANTS** the Plaintiffs' Motion for Approval of Settlement Escrow Agent [ECF No. 137] and approves the retention of A.B. Data Ltd. as the Settlement Escrow Agent as selected by Settlement Class Counsel.

6. The Court finds that the terms of the Settlement, as set forth in the Agreement, are within the range of a fair, reasonable, and adequate settlement between the Settlement Class and the Defendants under the circumstances of this case. The Court therefore preliminarily approves the Settlement, and directs the Parties to effectuate the Settlement pursuant to the terms and conditions set forth in the Agreement.

7. The Court approves the notice provided by Defendants of the filing of Plaintiffs' application for this Order, to federal and state government officials, pursuant to 28 U.S.C.

§ 1715, a copy of which notice (including attachments) was filed with the Court on May 12, 2011, and finds that Defendants' notice complies with 28 U.S.C. § 1715(b).

8.  The Court approves the proposed Notice of Class Action Settlement and Hearing in the forms attached to the Agreement as Exhibit "B" (for mailed notice, the "Class Notice") and Exhibit "C" (for publication notice, the "Publication Notice"), and the manner of mailing, distribution and publication of such Notice, as set forth in Paragraph 9 below, are hereby approved as the best notice practicable to the Settlement Class. The form, content and method of notifying the Settlement Class of the settlement of the Action as a class action and of the terms and conditions of the proposed Settlement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act (PSLRA) of 1995, due process and any other applicable law. Such notice constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons and entities entitled thereto.

9.  Class Counsel shall: (a) mail or cause to be mailed to each Settlement Class Member for whom an address is available, or by means of the Depository Trust Company[1], as soon as practicable but no later than ten business days from the date of this Order, a copy of the Class Notice substantially in the form attached to the Agreement as Exhibit "B"; provided, however, that the Class Notice shall not be required to be mailed prior to the time Class Counsel receives the notification related to the satisfaction or waiver of the WPPI Transaction Contingencies as described in paragraph 35 of the Agreement, in which event Class Notice shall be mailed within ten (10) days of receipt thereof; and (b) cause the Publication Notice,

---

[1] Class Notice may be mailed to Settlement Class Members by means of the Depository Trust Company, which shall forward the Class Notice to Settlement Class Members.

substantially in the form attached to the Agreement as Exhibit "C", to be published twice in The Bond Buyer with an interval of two weeks between each publication, beginning no later than ten business days from the date of this Order; provided, however, that the Publication Notice shall not be required to be published prior to the time Class Counsel receives the notification related to the satisfaction or waiver of the WPPI Transaction Contingencies as described in paragraph 35 of the Agreement, in which event Publication Notice shall be requested to be published beginning within ten (10) days of receipt thereof.  Not later than fourteen (14) days prior to the Fairness Hearing, Class Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

        10.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Fairness Hearing shall be held before the undersigned at 11:00 o'clock, on December 1, 2011, at the United States Courthouse, 230 North Fourth Street, Lafayette, Indiana, for the purpose of: (a) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether an Order and Final Judgment should be entered dismissing with prejudice the claims of the Settlement Class Members against the Defendants and the Action; (c) considering the plan of distribution of the Settlement Amount proposed by Class Counsel; and (d) considering Class Counsel's motion for an award of attorneys' fees, costs and expenses pursuant to Rule 23(h), which motion shall be filed with the Court and posted on the Settlement website no later than fourteen (14) days prior to the Fairness Hearing.  The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Settlement Class, and may consider and grant final approval of the Settlement without further notice to the Settlement Class.

11. Any Settlement Class Member requesting to share in the distribution of the Settlement Amount shall complete and submit a claim form in the manner and within the time set forth in the Class Notice.  Such claim forms must be submitted no later than sixty (60) days from the mailing of, and in the manner prescribed in, the Class Notice (the "Claim Deadline").  Any Settlement Class Member who does not submit a valid claim form, by the Claim Deadline and in the manner set forth in the Class Notice, shall be barred from sharing in the distribution of the Settlement Amount.

12. Any person or entity requesting exclusion from the Settlement Class shall do so by submitting a duly completed Exclusion Request in the manner and within the time set forth in the Class Notice.  All such Exclusion Requests must be submitted no later than sixty (60) days from the mailing of the Class Notice (the "Exclusion Deadline").  Any Settlement Class Member who does not submit a valid Exclusion Request, by the Exclusion Deadline and in the manner set forth in the Class Notice, shall be included within the Settlement Class.  All persons or entities submitting valid and timely Exclusion Requests shall have no rights under the Agreement, shall not share in the distribution of the Settlement Amount, and shall not be bound by the Agreement, Settlement, or Order and Final Judgment to be entered in the Action.

13. Settlement Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement.  Any objection must:  (i) contain the full name and current address of the person objecting; (ii) contain the title and a statement of authority of any person objecting on behalf of an entity other than a person; (iii) contain the title of the Lawsuit: "The Lafayette Life Insurance Company, et al, v. City of Menasha, Wisconsin et al;" (iv) state the reasons for the Class Member's objection; (v) be accompanied by any evidence, legal briefs, motions or other materials the Settlement Class Member intends to offer in support

of the objection; (vi) be signed by or on behalf of the Settlement Class Member; and (vii) be filed with the Clerk of the Court, 230 North Fourth Street, Lafayette, IN  47901, and served upon Class Counsel, Michael A. Wukmer, Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN  46282 and Defendants' counsel, Edward J. Fuhr, Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, VA  23219 and Christian T. Kemnitz, Katten Muchin Rosenman LLP, 525 West Monroe Street, Chicago, IL  60661 by U.S. mail, first class and postage prepaid, with a postmark no later than sixty (60) days from the mailing of the Class Notice (the "Objection Deadline").

14. Any Member of the Settlement Class who does not mail his, her, or its objection by the Objection Deadline and in the manner provided in the Class Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement.  Settlement Class Members shall be bound by all determinations and orders regarding the Settlement, including the Order and Final Judgment, whether favorable or unfavorable to the Settlement Class.

15. Settlement Class Members may appear at the Fairness Hearing in connection with an objection, individually or through counsel of their choice, at their own expense.  If they do no not appear, they will be represented by Class Counsel at the Fairness Hearing.  Any attorney (other than Class Counsel) intending to appear at the Fairness Hearing must be authorized to represent a Settlement Class Member, must be duly admitted to practice law before the United States District Court for the Northern District of Indiana, and must file a written appearance not later than seven (7) days prior to the date of the Fairness Hearing.  Copies of the appearance must be served on Class Counsel and Defendants' counsel in accordance with the Federal Rules of Civil Procedure.

16. Not later than ten (10) days after the Exclusion Deadline, Class Counsel shall serve Defendants' counsel and file with the Court a Notice of Settlement Class Exclusions, listing the names and addresses of all persons or entities who or which have timely and validly excluded themselves from the Settlement Class; provided, however, that such filing and notice shall be in addition to the requirements set forth in paragraphs 49 and 50 of the Agreement.

17. At the Fairness Hearing, the Court shall determine whether the plan of distribution of the Settlement Amount proposed by Settlement Class Counsel shall be approved.

18. Not later than fourteen (14) days prior to the Fairness Hearing, Plaintiffs and Class Counsel shall file a motion for and Defendants shall not oppose, the Court's approval of the payment of attorneys' fees, costs and expenses in the aggregate amount of $1,238,149, to be paid from the Settlement Fund under the terms of the Settlement, along with any supporting materials. No attorneys' fees, costs or expenses, other than the reimbursement of any costs or expenses advanced by Class Counsel associated with providing notice of the Settlement to the Settlement Class, administering the Settlement, or in connection with taxation matters relating to the Settlement and the Agreement as addressed by paragraph 57 of the Agreement, if any, shall be paid to Class Counsel prior to the Effective Date.  Any decision by Class Counsel to defer seeking an award of attorneys' fees or reimbursement of expenses prior to or at the time of the Fairness Hearing on the Settlement shall not be deemed a waiver of the right of Class Counsel, under the Settlement or otherwise, to seek an award of attorneys' fees or reimbursement of expenses from the Settlement Fund at another time.

19. The Court may adjourn the Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or made in connection with the proposed Settlement.

- 9 -

SO ORDERED on August 18, 2011.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION